O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-2,<br><br>                Plaintiff,<br>    v.<br><br>GEORGE O. JONES; TENISHA L. JONES; CARL ROBERTS; RALPH CHRISTENSEN; DOES 1–10, inclusive,<br><br>                Defendants. | Case No. 2:13-cv-06644-ODW(ASx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |

On September 11, 2013, Defendant Ralph Christensen removed this routine unlawful-detainer matter to this Court. (ECF No. 1.) But after reviewing the Notice of Removal and accompanying documents, the Court finds that it lacks subject-matter jurisdiction. The Court consequently **REMANDS** this case to Los Angeles County Superior Court, case number 13U00323.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal

1  jurisdiction "must be rejected if there is any doubt as to the right of removal in the
2  first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party
3  seeking removal bears the burden of establishing federal jurisdiction. *Durham v.
4  Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
5  566).

6      Federal courts have original jurisdiction where an action presents a federal
7  question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.
8  To exercise diversity jurisdiction, a federal court must find complete diversity of
9  citizenship among the adverse parties, and the amount in controversy must exceed
10 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

11     Christensen seemingly alleges that this Court has both federal-question and
12 diversity jurisdiction. (Not. of Removal 2–4.) As far as federal-question jurisdiction,
13 Christensen cites to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.
14 §§ 2601–17. He asserts that this case "is an issue of title and a violation of [RESPA,]
15 which confer original jurisdiction on federal courts in suits to address the deprivation
16 of rights secured by federal law." (Not. of Removal 4.) But the underlying issue in
17 this case is not an alleged violation of RESPA; rather, Plaintiff Deutsche Bank
18 National Trust has brought an unlawful-detainer action against Defendants as the
19 result of a completed trustee's sale. (Compl. ¶ 7.) An unlawful-detainer action is a
20 purely a creature of state—not federal—law. *Galileo Fin. v. Miin Sun Park*, No. 09-
21 1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only
22 asserts a claim for unlawful detainer, a cause of action that is purely a matter of state
23 law. Thus, from the face of the complaint, it is clear that no basis for federal question
24 jurisdiction exists.").

25     Neither is there any indication that Defendants have brought a counterclaim or
26 otherwise injected a valid RESPA claim into this case. Christensen's bare belief and
27 allegation that this case involves a RESPA claims does not suffice to invoke federal-
28 question jurisdiction.

Christensen also failed to establish diversity jurisdiction. He alleges that the "amount in controversy is satisfied because the subject matter of Plaintiff's litigation is a challenge to a security interest in a loan in the amount of $500,000.00." But in an unlawful-detainer action, the amount in controversy is the reasonable rental value of the property for the time that the defendant wrongfully holds over in possession—not the alleged loan amount. Cal. Civ. Proc. Code § 1174(b); *MCA, Inc. v. Universal Diversified Enters. Corp.*, 27 Cal. App. 3d 170, 179 (Ct. App. 1972). Plaintiff requested no more than $10,000 in its Complaint, which falls far below the $75,000 diversity-jurisdiction threshold. 28 U.S.C. § 1332(a).

The Court therefore finds that Christensen has not established that this Court has subject-matter jurisdiction and **REMANDS** this action to Los Angeles County Superior Court, case number 13U00323. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

September 18, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to Los Angeles Superior Court,
Long Beach Courthouse, No. 13 U 00323